IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN ADAM SORG,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FBI, et al.,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR OFFICIAL SERVICE OF PROCESS AND DISMISSING CASE<br><br>Case No. 2:14-CV-128 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Official Service of Process. For the reasons discussed below, the Court will deny Plaintiff's Motion and dismiss this case.

I. BACKGROUND

On February 25, 2014, Plaintiff was given permission to proceed in forma pauperis. Plaintiff's Complaint was filed that same day. Plaintiff's Complaint is almost an exact replica of a complaint that was previously dismissed by the Court as frivolous.[1] Plaintiff now seeks an order directing the United States Marshal's Service to serve process pursuant to 28 U.S.C. § 1915.

---

[1] *Sorg v. FBI*, No. 2:14-CV-37 TS, 2014 WL 325199 (D. Utah Jan. 29, 2014).

1

## II. DISCUSSION

When a case is allowed to proceed under 28 U.S.C. § 1915, the officers of the Court are required to "issue and serve all process, and perform all duties" related to the service of process.[2] However, § 1915(e)(2) requires the Court "dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[3]

The United States Supreme Court has construed the meaning of "frivolous" within the context of the in forma pauperis statute, holding that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."[4] The statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[5] Examples of baseless factual contentions are those that describe "fantastic or delusional scenarios."[6] "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."[7]

In this case, as in his previous case, Plaintiff purports to bring claims against the FBI, the CIA, and the NSA, among others. Plaintiff brings suit to stop "a very aggressive abuse and torture campaign on a deadly assault placed on my head, brain, body, face, ears, jaw[, and] rear

---

[2] 28 U.S.C. § 1915(d).
[3] *Id.* § 1915(e)(2).
[4] *Neizke v. Williams*, 490 U.S. 319, 325 (1989).
[5] *Id.* at 327.
[6] *Id.* at 328.
[7] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

brain stem using an electromagnetic radiation device (wave) without a court warrant."[8] Plaintiff alleges that Defendants "are involved in a long drawn out campaign of abuse that coincided with my work while it was being performed for the CIA."[9] Plaintiff alleges that "[a]n electromagnetic radiation device is causing me great harm and making it impossible for me to live a normal life."[10] Plaintiff states that his claims of "torture, harassment, sleep deprivation, nightly conversations, voice over threats, abuse, character assassination and aiding and [abetting] terrorists [should] all be looked at seriously."[11] Plaintiff further alleges that Defendants have caused a "constant ringing" in his right ear, fatigue in his right eye, and that his teeth "feel as if they have been pulled out recently."[12] Plaintiff also alleges that Defendants have placed a device in his brain stem.[13]

Having carefully reviewed Plaintiff's Complaint, the Court finds that it meets the definition of frivolous. Specifically, the Court finds that the "facts alleged rise to the level of irrational or the wholly incredible."[14] Therefore, service of process is not appropriate and dismissal is warranted. While generally the Court would allow Plaintiff, who is proceeding pro se, an opportunity to amend his Complaint to cure any deficiencies, granting such leave would be frivolous in this case.

---

[8] Docket No. 3, at 5.
[9] *Id.* at 6.
[10] *Id.* at 7.
[11] *Id.* at 8.
[12] *Id.* at 10.
[13] *Id.*
[14] *Denton*, 504 U.S. at 33.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Official Service of Process (Docket No. 5) is DENIED. It is further

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 4) is DENIED AS MOOT. It is further

ORDERED that Plaintiff's Complaint is DISMISSED. The Clerk of the Court is directed to close this case forthwith.

DATED this 9th day of July, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge